UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DWIGHT MELVON COLEMAN,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,

Defendants.

No. 2:25-cv-01533 SCR P

ORDER

Plaintiff is incarcerated in state prison and proceeding pro se with a civil rights action under 42 U.S.C. § 1983. For the reasons set forth below, the undersigned finds that plaintiff's complaint states cognizable Eighth Amendment excessive force claims against defendants Radu, Williams, Robinson, Rowe, Wall, and Brazil, but no other cognizable claims.

**IN FORMA PAUPERIS**

Plaintiff has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted. This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial

filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to CDCR requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

**STATUTORY SCREENING OF PRISONER COMPLAINTS**

The Court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**FACTUAL ALLEGATIONS OF THE COMPLAINT**

The events underlying the complaint occurred at Mule Creek State Prison ("MCSP") and

Sacramento State Prison, Sacramento ("CSP-Sac"). ECF No. 1. The complaint names twelve (12) total defendants: (1) California Department of Corrections and Rehabilitation ("CDCR"); (2) MCSP; (3) Warden Patrick Covello; (4) Sgt. T. Scott; (5) Correctional Officer ("C/O") D. Radu; (6) C/O J. Williams; (7) C/O J. Rowe; (8) C/O D. Brazil; (9) C/O A. Robinson; (10) C/O T. Wall; (11) C/O Z. Warren; and (12) C/O Lt. Earles. Id. at 1-4.

Plaintiff alleges that on June 28, 2024, at approximately 8:00 p.m., several MCSP staff used excessive force. ECF No. 1 at 5. Defendant Radu threw an "unsolicited punch" and struck plaintiff. Id. Defendant Williams took out his baton and beat plaintiff with it. Id. Defendant Robinson, a responding officer, punched plaintiff in the face. Id. Defendants Rowe, Wall, and Brazil wrestled plaintiff to the ground and beat him while he was facedown. Plaintiff told them he was not resisting and they continued to beat him. Id. Plaintiff alleges the attack was done at the direction of defendant Warren and that defendant Scott failed to de-escalate the situation. Id. Plaintiff alleges he suffered several injuries, including damage to his C6 and C7 vertebrae. He attempted suicide because he felt he could not be protected from his abusers. Id.

Plaintiff also alleges that on August 21, 2024, after he was transferred to CSP-Sac, Lt. Earles refused to allow plaintiff to use audio and video evidence as a defense for himself at a rules violation report ("RVR") hearing. ECF No. 1 at 6. As a result of the adverse RVR result, plaintiff lost positive programming and was kept from seeing his son for 120 days. Id. By way of relief, plaintiff seeks ten-million dollars in damages. ECF No. 1 at 8.

## LEGAL STANDARDS

### I. 42 U.S.C. § 1983

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes. Benavidez v. County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

////

**II. Linkage**

Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks and citation omitted).

## DISCUSSION

**I. Eighth Amendment Excessive Force**

The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on inmates which has been defined as "the unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillan, 503 U.S. 1, 7 (1992). The court's inquiry into an excessive force claim focuses on the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations omitted). While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it. Id. at 7. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency in violation of the Eighth Amendment. Whitley, 475 U.S. at 327.

Plaintiff's complaint states cognizable excessive force claims against defendants Radu, Williams, Robinson, Rowe, Wall, and Brazil. The complaint does not describe the events or

incident that precipitated the officers' response. While that context may prove crucial to the analysis at a later stage of the case, at this early stage, the complaint provides minimally sufficient facts to support inferences that the actions of defendants Radu, Williams, and Robinson were unprovoked and unrelated any effort to maintain discipline, and that that defendants Rowe, Wall, and Brazil used force that was excessive in relation to plaintiff's lack of resistance. Plaintiff's alleged injuries, including damage to two vertebrae, further support an inference of excessive force at this early, screening stage of the case.

Plaintiff does not state an excessive force claim against any other defendant. Plaintiff seeks to hold supervisory defendants Warren and Scott responsible for directing and failing to stop the attack, respectively. But such vague and conclusory statements, without factual support, are insufficient to state a cognizable claim of supervisory liability. See Iqbal, 556 U.S. at 678. The Eleventh Amendment bars § 1983 suits against the State of California and its state agencies, including defendants CDCR and MCSP. See Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997); Richardson v. Cal. Dep't of Corr. & Rehab., No. 22-CV-06137-NC, 2023 WL 2394543, at *3 (N.D. Cal. Mar. 6, 2023) ("[CDCR], as well as state prisons like Salinas Valley State Prison, are considered agencies of the state") (citation omitted). Moreover, defendant MCSP is not a "person" for purposes of § 1983. See Allison v. Cal. Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969) (finding that San Quentin Prison is not a "person" subject to suit under § 1983); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

Finally, the claim against defendant Covello fails for inadequate linkage, as the complaint states no facts connecting him to the alleged use of force incident. To the extent Petitioner seeks to hold him responsible in his official capacity as MCSP Warden, the claim is barred by the Eleventh Amendment. See Flint v. Dennison, 488 F.3d 816, 825 (9th Cir. 2007) ("[S]tate officials sued in their official capacities . . . are not 'persons' within the meaning of § 1983 and are therefore generally entitled to Eleventh Amendment immunity.").

Accordingly, for screening purposes only, the undersigned finds that the complaint states cognizable Eighth Amendment excessive force claims against defendants Radu, Williams,

Robinson, Rowe, Wall, and Brazil. Plaintiff will be given an opportunity to amend to allege facts linking the supervisory defendants (Warren, Scott, and Covello) to the use of force only.

**II. Fourteenth Amendment Procedural Due Process**

The undersigned construes plaintiff's due process challenge to his RVR hearing as sounding in procedural due process. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property[.]" Wilkinson v. Austin, 545 U.S. 209, 221 (2005). To state a cognizable procedural due process claim, a plaintiff must satisfy a two-step process. First, the plaintiff must allege the existence of a protected liberty interest. A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin v. Connor, 515 U.S. 472, 484 (1985)).

The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due."). When an RVR proceeding implicates a protected liberty interest, due process requires that the incarcerated person be permitted to present evidence and "call witnesses in his defense, when permitting him to do so will not be unduly hazardous to institutional safety and correctional concerns." Mitchell v. Dupnik, 75 F.3d 517, 525 (9th Cir. 1996) (citing Wolff v. McDonnell, 418 U.S. 539, 566 (1974)); see also Serrano v. Francis, 345 F.3d 1071, 1077–78 (9th Cir. 2003) ("[A] prisoner is entitled to certain due process protections when he is charged with a disciplinary violation . . . . include[ing] the rights to call witnesses, to present documentary evidence and to have a written statement by the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken.") (citing Wolff, 418 U.S. at 564-571).

Plaintiff alleges that defendant Earles' refusal to allow him to present audio and video evidence resulted in the deprivation of positive programming and the ability to visit with his son. For purposes of the first step in the due process analysis, neither penalty impacts a protected

liberty interest. The Ninth Circuit has held that there is no constitutional right to rehabilitation, and prisoners do not have a protected property or liberty interest in positive programming. See Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985) ("If the plaintiff's due process claim hinges on a property interest in the vocational instruction course, his claim similarly lacks substance in law and fact because there is no constitutional right to rehabilitation."); Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989) (holding that, for purposes of due process claim, there was no property interest in work release program). Further, the Ninth Cicruit has "declined to recognize a prisoner's constitutional right to receive visits," even from family members. Dunn v. Castro, 621 F.3d 1196, 1202 (9th Cir. 2010) (citing, *inter alia*, Gerber v. Hickman, 291 F.3d 617, 621 (9th Cir. 2002) (en banc)). In sum, because plaintiff has not alleged the RVR result deprived him of a protected liberty interest, defendant Earles' alleged refusal to allow plaintiff to present audio or video evidence did not violate due process. Accordingly, plaintiff's complaint does not state a cognizable Fourteenth Amendment claim against defendant Earles.

**OPTIONS FROM WHICH PLAINTIFF MUST CHOOSE**

After conducting the screening required by 28 U.S.C. § 1915A(a), the undersigned finds that plaintiff has adequately stated an Eighth Amendment excessive force claim against defendants Radu, Williams, Robinson, Rowe, Wall, and Brazil. However, the allegations in the complaint are not sufficient to state a Fourteenth Amendment due process claim against defendant Earles, or any claim for relief against defendants CDCR, MCSP, Warden Patrick Covello, Sgt. T. Scott, and C/O Z. Warren.

It appears to the undersigned that plaintiff may be able to allege facts to fix these problems. Therefore, plaintiff has the option of filing an amended complaint. After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within 21 days from the date of this order.

**Option No. 1:** The first option available to plaintiff is to proceed immediately against defendants Radu, Williams, Robinson, Rowe, Wall, and Brazil on his Eighth Amendment excessive force claim. By choosing this option, plaintiff will be agreeing to voluntarily dismiss defendants CDCR, MCSP, Covello, Scott, Warren, and Earles. The undersigned will proceed to

immediately serve the complaint and order a response from defendants Radu, Williams, Robinson, Rowe, Wall, and Brazil.

**Option No.2:** The second option available to plaintiff is to file an amended complaint to fix the linkage problems described above concerning defendants Warren, Scott, and Covello only. If plaintiff chooses this option, the court will set a deadline in a subsequent order to give plaintiff time to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo, 423 U.S. at 362. The complaint must also allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted). Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's claims against defendants CDCR, MCSP, Covello, Scott, Warren, and Earles do not state claims for which relief can be granted.

4. Plaintiff has the option to proceed immediately on his Eighth Amendment excessive force claim against defendants Radu, Williams, Robinson, Rowe, Wall, and Brazil as set forth above, or to file an amended complaint.

5. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

6. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of defendants CDCR, MCSP, Covello, Scott, Warren, and Earles.

DATED: August 3, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT MELVON COLEMAN,<br>Plaintiff,<br>v.<br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br>Defendants. | No. 2:25-cv-01533 SCR P<br><br>NOTICE OF ELECTION |

Check one:

_____ Plaintiff wants to proceed immediately on his Eighth Amendment excessive force claim against defendants Radu, Williams, Robinson, Rowe, Wall, and Brazil, without amending the complaint. Plaintiff understands that by choosing this option, the remaining defendants will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

_____ Plaintiff wants time to file an amended complaint.

DATED:_______________________

_____________________________
Dwight Melvon Coleman, Plaintiff Pro Se